IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| MICHAEL ARTHUR FINN,<br>    Petitioner, | §<br>§<br>§ | |
| V. | § | A-10-CA-234-JN |
| | § | |
| RICK THALER,<br>Director, Texas Dept. of Criminal Justice-<br>Correctional Institutions<br>Division,<br>    Respondent. | §<br>§<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:   The Honorable James R. Nowlin, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

## I.  STATEMENT OF THE CASE

A.  **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas.  Petitioner asserts he was convicted of robbery and sentenced to 12 years in prison on May 24, 1999.  Petitioner does not challenge his holding conviction.  Rather, Petitioner challenges the revocation of his parole.  Petitioner's parole was revoked on June 20, 2008.  See Pet. Attachment D.  Petitioner indicates he challenged the revocation of his parole in a state application for habeas corpus relief.  According to personnel for the Travis County Clerk's Office, the application was filed on March 2, 2009.  The Texas Court of Criminal Appeals denied the application on July 1, 2009.  Ex parte Finn, Appl. No. 72,162-01.

B.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The state appellate court failed to safeguard the vital components of the Sixth Amendment of the United States Constitution violated by the fact finder-trier of fact during parole revocation hearing; and

2. The Texas Court of Criminal Appeals failed to safeguard the significant values within the protection of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution violated by the parole hearing officer.

## II.  DISCUSSION AND ANALYSIS

A.  **Infirmities in State Habeas Proceedings**

To the extent Petitioner complains the Texas Court of Criminal Appeals and the state trial court did not adequately consider all of his claims during state habeas review his claim fails. Infirmities in state habeas corpus proceedings do not constitute grounds for federal habeas corpus

relief. Wheat v. Johnson, 238 F.3d 357, 361 (5th Cir. 2001); Vail v. Procunier, 747 F.2d 277 (5th Cir. 1984).

**B.      Statute of Limitations**

To the extent Petitioner challenges the revocation of his parole, his claims are time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The factual predicate of Petitioner's claims, challenging the revocation of his parole, could have been discovered through the exercise of due diligence at the time his parole was revoked on June 20, 2008. At the time he filed his state application for habeas corpus relief, 110 days remained of the one-year limitations period. The limitations period was tolled during the pendency of Petitioner's state application for habeas corpus relief. The Texas Court of Criminal Appeals denied Petitioner's state application on July 1, 2009. Therefore, Petitioner had until October 19, 2009, to

timely file his federal application for habeas corpus relief. Petitioner did not execute his federal application until March 26, 2010, approximately five months after the limitations period had expired.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied to the extent Petitioner challenges his state habeas proceeding and that Petitioner's application for writ of habeas corpus be dismissed as time-barred to the extent Petitioner challenges the revocation of his parole.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court

rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the denial or dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985);  Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 6th day of April, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE